UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2007 AUG 29 PM 1:22
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| In re: | ) | Case No. 05-12467 |
| | ) | |
| JACQUELINE MURPHY, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER FINDING MARCUS POOLE** |
| | ) | **IN CIVIL CONTEMPT** |

Marcus Poole served as debtor's counsel in this case. The chapter 13 trustee moved for an order holding Mr. Poole in contempt based on his failure to comply with an order requiring him to pay the trustee $500.00 for the benefit of the debtor's estate. The trustee and Mr. Poole submitted an agreed order to resolve the matter (the agreed order). (Docket 42). The agreed order, entered on February 15, 2007, provides that Mr. Poole is to pay $500.00 to the trustee in two installments, the first to be made no later than 30 days after entry of the agreed order and the second no later than 60 days after entry of the order. The agreed order provides further upon Mr. Poole's failure to make the payments, "the Trustee may submit an affidavit of noncompliance to the Court, and the Court may then enter an order holding Marcus Poole in civil contempt . . . without further hearing." On August 22, 2007, the trustee filed an affidavit of noncompliance[1] which states that Mr. Poole has not paid the requisite $500.00 and has failed to comply with the agreed order. (Docket 48).

For the reasons stated below, Marcus Poole is found to be in civil contempt.

---

[1] The affiant is Deborah A. Plaga, an employee of the chapter 13 trustee's office.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## DISCUSSION

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

Based on the undisputed facts, Marcus Poole is in contempt of the agreed order. Mr. Poole agreed to the terms of the order and he signed it. The terms of the agreed order are specific and require Mr. Poole to pay make two payments of $250.00, with the total amount of $500.00 to be paid to the trustee on or before April 16, 2007. Mr. Poole did not make any payment to the trustee.

These facts clearly and convincingly establish that Mr. Poole had knowledge of the agreed order and failed to comply with it. The court finds, therefore, that Marcus Poole is in contempt based on his failure to comply with the agreed order.

## CONCLUSION

For the reasons stated, Marcus Poole is found to be in civil contempt based on his failure to comply with the agreed order.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

3